UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LAW OFFICES
**CHARLES A. GRUEN**
381 Broadway
Suite 300
Westwood, New Jersey 07675
(201) 342-1212
Attorneys for Plaintiff

| | |
|---|---|
| LIQUIDITY SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PROCORP IMAGES, INC., <br><br> Defendant. | Docket No.: 13-CV-06447-WJM-MF <br><br> Civil Action <br><br> **COUNTERSTATEMENT OF MATERIAL FACTS ON BEHALF OF LIQUIDITY SOLUTIONS, INC. IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** <br><br> **MOTION DATE:** <br><br> **FEBRUARY 3, 2014** |

1.  Not disputed.

2.  Not disputed.

3.  Not disputed as the Complaint does not contain the specific allegation alleged, however, this "fact" is disputed as to any inference by Defendant that compliance with Bankruptcy Rule 3001(e), was a prerequisite. The

compliance/non-compliance or requirement by Plaintiff to comply with Bankruptcy Rule 3001(e) remains in dispute.

4. Disputed. Plaintiff does not dispute the date of execution of the Assignment of Claim, however, Plaintiff disputes the amount paid by LIQUIDITY SOLUTIONS, INC. ("Plaintiff" or "LSI") to PROCORP IMAGES, INC. ("Defendant or "PROCORP."). A combined total of $156,219.94 was paid to PROCORP by LSI in 2004. *See* Certification of David Fishel, at paragraph 5; *see also* Exhibit "B" annexed to the Certification of David Fishel.

5. Not disputed except as to any inference that Plaintiff does not have standing on behalf of "Revenue Management," a subsidiary of LSI. *See* Certification of David Fishel, at paragraph 2.

6. Disputed. The amount paid for the purchase of both claims was $156,219.94. *See* Certification of David Fishel, at paragraph 5 and Exhibit "B" annexed thereto.

7. Not disputed except as to any inference that Plaintiff was required to file the Bankruptcy Rule 3001(e)(2) notice. *See* Certification of David Fishel, at paragraph 12. Such requirement is in dispute and as such is not a material fact.

8. Not disputed as to whether the W-9 income tax request was made to LSI. Disputed as to what PROCORP received and when or what counsel for

2

PROCORP received when the various pleadings/motions were electronically filed by the Trustee in the Bankruptcy matter.

9. Disputed as this is not a "material fact" and is rather an unsupported self-serving statement supported only by a self-serving affidavit by a representative/employee of the Defendant denying receipt of the subject mailings.

## PLAINTIFF'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS

1. LSI tendered, and PROCORP accepted, payments totaling $156,219.94 in exchange for the assignment of two (2) bankruptcy claims against Debtor, Interstate Bakeries Corporation. *See* Complaint, at paragraph 6; *see also* Certification of David Fishel, at paragraph 4 and Exhibit "A" annexed thereto.

2. PROCORP did not respond to notices sent by the Debtor, the Court, or any third party with respect to the subject claims assigned to and purchased by LSI and/or its affiliate, Revenue Management. *See* Complaint, at paragraph 11; *see also* Certification of David Fishel, at paragraph 10.

3. PROCORP did not forward any notices sent by the Debtor, the Court, or any third party with respect to the subject claims assigned to and purchased by LSI and/or its affiliate, Revenue Management other than a sole notice forwarded

by Counsel for PROCORP in 2006. *See* Complaint, at paragraph 9; *see also* Certification of David Fishel, at paragraphs 7-8.

    4.    Counsel for PROCORP in the subject Interstate Bakeries Corporation bankruptcy (United States Bankruptcy Court for the Western District of Missouri – Docket No. 04-45814) was Thomas M. Franklin from 2004 – 2006. *See* Affidavit of Thomas M. Franklin, dated December 16, 2013, at paragraph 2, submitted by Defendant in connection with Defendant's Motion to Dismiss the Complaint.

    5.    As counsel of record for PROCORP, Thomas M. Franklin received, at a minimum, electronic copies via ECF of all correspondence and pleadings and motions filed with the Bankruptcy Court in the Interstate Bakeries Corporation bankruptcy (United States Bankruptcy Court for the Western District of Missouri – Docket No. 04-45814). *See* Affidavit of Thomas M. Franklin, dated December 16, 2013, at paragraph 2, submitted by Defendant in connection with Defendant's Motion to Dismiss the Complaint.

    6.    Each of the two (2) executed Assignments of Claim contained specific language which created an affirmative obligation on the part of PROCORP to forward "…all notices received from the Debtor, the court or any third party with respect to the Claim[s] assigned [therein]…" *See* Exhibit "A" at page 2 annexed to

the Complaint; *see also* Certification of David Fishel, at paragraph 6.

Dated:  January 20, 2014

                           LAW OFFICES OF CHARLES A. GRUEN

                           By: _____
                                   Michael Korik (MK0377)

                                   381 Broadway, Suite 300
                                   Westwood, New Jersey 07675
                                   201-342-1212 – Telephone
                                   201-342-6474 – Telecopier
                                   mkorik@gruenlaw.com

                                   Attorneys for Plaintiff