UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIQUIDITY SOLUTIONS, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>PROCORP IMAGES, INC.,<br><br>                    Defendant. | Docket No.: 13-CV-06447-WJM-MF<br><br>Civil Action<br><br>**CERTIFICATION OF DAVID FISHEL IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

David Fishel, of full age, hereby certifies as follows:

1. I am the President of LIQUIDITY SOLUTIONS, INC. (hereinafter "LSI"). I am duly authorized to make this Certification in opposition to the Motion to Dismiss the Complaint filed on behalf of the Defendant, PROCORP IMAGES, INC. (hereinafter "PROCORP"), and do so based upon my review and familiarity with the business records of LSI.

2. Plaintiff is a New Jersey Corporation which, *inter alia*, purchases debt and bankruptcy claims held by third party entities, such as PROCORP. Such purchases are made by LSI through LSI or its alternate business names (d/b/a's), including Revenue Management, Inc.

3. Upon information and belief, Defendant PROCORP is a Colorado Corporation with a principal place of business located at 359 Inverness Drive South, Suite A, Englewood, Colorado 80112.

4. In or about October 2004, LSI entered into two (2) separate Assignment of Claims agreements for the purchase of two claims filed by PROCORP in the matter of Interstate Bakeries Corporation, et al, Debtor in the bankruptcy case that was pending in the United States Bankruptcy Court for the Western District of Missouri, Kansas City Division under Docket

Number 04-45814. The total value of the combined claims was approximately $212,366.57. See Assignments of Claim annexed hereto as Exhibit "A."

5. As consideration for the purchase of these two (2) claims, PROCORP was paid a total of $156,219.94 by LSI. Copies of the cashed checks totaling $156,219.94 are annexed hereto as Exhibit "B."

6. As a material term of each Assignment of Claim, PROCORP agreed to:

...forward to Assignee all notices received from Debtor, the [C]ourt or any third party with respect to the claim assigned herein[,] to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request.

See Exhibit "A," at page 2.

7. In fact, on or about June 8, 2006, counsel for PROCORP, Thomas M. Franklin, faxed a notice to LSI, received by PROCORP, in connection with the transferred claims regarding an omnibus objection as to "duplicate" claims in general and advised that PROCORP would not be taking any action in response to the omnibus objection. See Exhibit "C" annexed hereto.

8. Other than the single notice forwarded by Counsel for PROCORP in 2006, identified above, LSI did not receive any further notices, correspondence or pleadings regarding the subject transferred claims from either PROCORP or PROCORP's counsel.

9. Furthermore, LSI did not receive any notice from PROCORP or their counsel that the subject assigned claims were subject to a Motion for expungement or that they were expunged pursuant to an Order of the Bankruptcy Court on May 10, 2011 in connection with a Motion filed by the Trustee, despite explicit provisions in the Assignment of Claim, cited above, which required PROCORP to forward such documentation to LSI. A copy of the May 10, 2011 Order is annexed hereto as Exhibit "D."

2

10. LSI was informed by the third party claims administrator that neither PROCORP nor its counsel responded to the request of the third party claims administrator seeking a W-9 for the disbursement of claim payments. *See* Exhibit "E."

11. Although LSI did not file a Bankruptcy Rule 3001(e) Assignment in the Bankruptcy proceeding, the language of the Assignments of Claim, as cited herein, contained an express provision that required PROCORP to forward to LSI any and all notices, correspondence and pleadings received in connection with the Bankruptcy action.

12. Furthermore, there is no contractual requirement for LSI to file said Bankruptcy Rule 3001(e) Assignment in the Bankruptcy proceeding.

13. LSI has demanded repayment of the funds paid to PROCORP totaling $156,219.94 in connection with the transfer of the claims but has not received said payment.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LIQUIDITY SOLUTIONS, INC.

By: _____
David Fishel, President

Dated:  January 14, 2014