# EXHIBIT A

10/14/2004  15:51    8165543205                    PROCORP IMAGES                              PAGE  03

## ASSIGNMENT OF CLAIM

To Corp. Images, having offices at 1500 West Hampden Avenue, Englewood, CO 80110 ("Assignor") in consideration of the sum of ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 all of the Assignor's right, title and interest in and to the RECLAMATION claim or claims of Assignor, as more specifically set forth (the "Claim") against Interstate Bakeries Corporation, et al., Debtor in the bankruptcy case (the "Proceedings"), in the United States Bankruptcy Court for the Western District of Missouri - Kansas City Division (the "Court"), Case No. 04-45814 (the "Debtor") in the currently outstanding amount of not less than $17,500.00 and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and the Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that [check one of the following]:
[✓] An Administrative Proof of claim has not been filed
[ ] An Administrative Proof of claim in the amount of _____ has been duly and timely filed in the Proceedings (a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the amount of the Claim is not less than $17,500.00 that the amount is a valid RECLAMATION claim and that no objection to the Claim exists. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. All terms of this agreement will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated or impaired for any reason whatsoever, or is deemed to NOT be a RECLAMATION CLAIM, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance or Assignor's objection to the transfer of this Claim. Should Assignee take any action to compromise the Claim in any way without the consent of Assignor, Assignor's reimbursement responsibility shall be nullified. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE, UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, at Assignee's option only, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection, claim, cause of action or offset by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignee on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this assignment of the Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign, the Claim together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of the Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim must be brought in Federal court located in the State of New York or New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of the Claim, and in any action hereunder, Assignor waives any right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim Agreement, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the RECLAMATION Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may subsequently transfer the claim back to the assignor if due diligence is not satisfactory, in Assignee's sole and absolute discretion pursuant to Rule 3001(e) of the FRBP, at which time both Assignor and Assignee release each other of any and all obligation or liability regarding this Assignment. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim Agreement and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this _____ day of _____, 2004

By: __/s/_____     Mark Stanko    Executive VP/Partner
Signature   Print Name/Title

(816) 524-0316
Telephone #

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2004

Scott Friedberg
Liquidity Solutions, Inc.
201-968-0001

10/14/2004  15:51   8155543205                PROCORP IMAGES                              PAGE  05

ro Corp. Images ("Assignor"), transfers and assigns unto Revenue Management with an address at One University Plaza, Suite 312, Hackensack, New Jersey 07601, its successors and assigns ("Assignee"), pursuant to the terms of the ASSIGMENT OF CLAIM AGREEMENT Re: Interstate Bakeries Corporation, et al., (the "Debtor"), between Assignor and Assignee, all of its right, title and interest in and to the Pro Corp. Images RECLAMATION Claims of Assignor in the aggregate amount of $17,500.00 representing all claims against Debtor in the United States Bankruptcy Court, Western District of Missouri - Kansas City Division, administered as Case No. 04-15814.

IN WITNESS WHEREOF, Assignor has signed below as of the _____ day of _____, 2004.

Pro Corp. Images

WITNESS:

_____
(Signature)

Sheryl Fender
(Print Name of Witness)

By: _____
(Signature)

Mark Stankis  Executive VP/Partner
(Print Name and Title)

Pro Corp. Images

10/14/2004  15:51        8165543205                                    PROCORP IMAGES                                    PAGE  07

## ASSIGNMENT OF CLAIM

To Corp. Images, having offices at 1500 West Hampden Avenue, Englewood, CO 80110 ("Assignor") in consideration of the sum of _____ ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 all of the Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "Claim") against Interstate Bakeries Corporation, et al., Debtor in the bankruptcy case (the "Proceedings"), in the United States Bankruptcy Court for the Western District of Missouri - Kansas City Division (the "Court"), Case No. 04-45814 (the "Debtor") in the currently outstanding amount of not less than $194,866.57 (a summary specifying each invoice underlying this claim being delivered by Assignor with this Assignment of Claim) and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and the Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that [check one of the following]:
[X] A Proof of claim has not been filed
[ ] A Proof of claim in the amount of _____ has been duly and timely filed in the Proceedings (a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the amount of the Claim is not less than $194,866.57 that the amount is a valid claim and that no objection to the Claim exists. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor owns and has title to the Claim free and clear of any and all liens, pledged the Claim to any third party, in whole or in part, that Assignor has not previously assigned, sold or claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. All terms of this agreement will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated or impaired for any reason whatsoever, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance or Assignor's objection to the transfer of this Claim. Should Assignee take any action to compromise the claim in any way without the consent of Assignor, Assignor's reimbursement responsibility shall be nullified. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE, UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN.

In the event the Claim is ultimately allowed in amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, at Assignee's option only, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection, claim, cause of action or offset by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its

own expense, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this assignment of the Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of the Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim must be brought in Federal court located in the State of New York or New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of the Claim, and in any action hereunder, Assignor waives any right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim Agreement, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may subsequently transfer the claim back to the assignor if due diligence is not satisfactory, in Assignee's sole and absolute discretion pursuant to Rule 3001(e) of the FRBP, at which time both Assignor and Assignee release each other of any and all obligation or liability regarding this Assignment. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim Agreement and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this _____ day of _____, 2004

By: _____  Mark Strauss  Executive VP/Partner
    Signature  Print Name/Title

(916) 524-0311
Telephone #

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2004

_____
Scott Friedberg
Liquidity Solutions, Inc.
201-968-0001

10/14/2004  15:51     8165543205                 PROCORP IMAGES                                    PAGE  09

ro Corp. Images ("Assignor"), transfers and assigns unto Revenue Management with an address at One University Plaza, Suite 312, Hackensack, New Jersey 07601, its successors and assigns ("Assignee"), pursuant to the terms of the ASSIGMENT OF CLAIM AGREEMENT Re: Interstate Bakeries Corporation, et al., (the "Debtor"), between Assignor and Assignee, all of its right, title and interest in and to the Pro Corp. Images Claims of Assignor in the aggregate amount of $194,866.57 representing all claims against Debtor in the United States Bankruptcy Court, Western District of Missouri - Kansas City Division, administered as Case No. 04-45814.

IN WITNESS WHEREOF, Assignor has signed below as of the _____ day of _____, 2004.

Pro Corp. Images

WITNESS:

_____
(Signature)

_____
(Print Name of Witness)

By: _____
(Signature)

_Mark Stanko_ - Executive VP/Partnership
(Print Name and Title)

Pro Corp. Images