# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| INTERSTATE BAKERIES | ) |
| CORPORATION, et al., | ) Case No. 04-45814 (JWV) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

**ORDER GRANTING MOTION OF THE TRUSTEE OF THE IBC CREDITORS TRUST SEEKING AN ORDER TO DISALLOW CERTAIN NONRESPONDING CREDITOR BENEFICIARIES FROM FUTURE DISTRIBUTION OF TRUST RECOVERIES FOR FAILURE TO COMPLY WITH TAX RELATED OBLIGATIONS**

On the 17th day of March, 2011, U.S. Bank National Association, in its capacity as trustee ("Trustee") of the IBC Creditors Trust (the "Trust"), by and through its undersigned counsel, filed its *Motion Seeking an Order to Disallow Certain Nonresponding Creditor Beneficiaries from Future Distribution of Trust Recoveries for Failure to Comply with Tax Related Obligations* (the "Motion").[1] A Notice of the Motion (the "Notice"), was duly and properly noticed to all Beneficiaries affected by the Motion and evidence of such service has been properly filed with the Court. The Court has examined the Notice and finds it to give any Beneficiaries affected by the Motion appropriate notice of the Motion, the relief sought therein, and the applicable deadlines for opposing or complying with the Motion. On May 6, 2011, the Trustee, as provided in its Motion, filed a list of Final Non-Responsive Claims. A hearing was set on May 10, 2011 at 2:30 pm for the Court to hear the Motion (the "Hearing"). There were no objections to the Motion filed prior to the hearing.

---

[1] Capitalized terms not defined in this Order shall have meaning ascribed to them in the Motion.

1929823.7

The Court, having reviewed and considered the Motion, the Declaration of Terri Marshall of the BMC Group in support of the Motion, and the statements and representations of counsel therein, finds as follows: (1) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 157 and 1334 and Section 11.16 of the Trust Agreement, and venue is proper in this Court; (2) that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (3) that due, proper and adequate notice and service of the Motion and Hearing by the Notice has been given to the Trust Beneficiaries that are affected by the Motion and that no further notice or service is required and the Court is satisfied that all due process rights for service and notice were complied with; and (4) the Court has determined that there exists just cause for the relief granted herein and that such relief is in the best interests of the Beneficiaries and all other parties in interest.

WHEREUPON, after reviewing the pleadings filed herein, the statements of counsel, and being otherwise duly and fully advised in the premises, the Court FINDS AND ORDERS AS FOLLOWS:

1. That the Motion is hereby GRANTED in full, any objections thereto are OVERRULED, and the relief sought herein is mandated and consistent with the Plan and Trust Agreement.

2. That any claim that is listed on the list of Non-Responsive Claims indicated on Final Non-Responsive Claim list filed by the Trustee, which are hereby incorporated as Exhibit A to this Order, failed to comply with the Section 11.19 Requirement in a timely manner and shall forever be barred, estopped, and enjoined from (a) receiving distributions from the Trust, (b) from receiving further notices from the Trustee, or

the Trustee's representatives on behalf of the Trust, and (c) generally from any interest in the Trust Agreement.

3. That the Motion and the relief granted in this Order is appropriate under the circumstances.

4. That the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

5. That the Bankruptcy Court retain jurisdiction over this Order and any interpretation of it.

Dated: May 10, 2011

/s/ Jerry W. Venters
UNITED STATES BANKRUPTCY JUDGE

McPherson to Serve

1929823.7

3